**STATE.**

v.

**John J. GIZZARELLI.**

No. 94–11–C.A.

Supreme Court of Rhode Island.

Dec. 16, 1994.

Jeffrey Pine, Atty. Gen., Lauren S. Zurier, Sp. Asst. Atty. Gen., and Aaron L. Weisman, Asst. Atty. Gen., for plaintiff.

Paul J. DiMaio, Providence, for defendant.

OPINION

PER CURIAM.

This case came before the Supreme Court for oral argument on November 14, 1994, pursuant to an order that directed the defendant, John J. Gizzarelli, to show cause why his appeal should not be summarily decided. In this case the defendant has appealed from a judgment of conviction entered after a jury found him guilty of delivering marijuana.

Although defendant raised several issues on appeal, after reviewing the memoranda submitted by the parties and considering the arguments of counsel, this court concludes that cause has not been shown and the appeal will be summarily decided.

■ On appeal defendant argued that the trial justice erroneously denied his motion to suppress the out-of-court and in-court identifications of defendant by the undercover narcotics officer who purchased marijuana from defendant. We are of the opinion that (1) because the trial justice properly considered the five factors delineated in *State v. Turner*, 561 A.2d 869, 871–72 (R.I.1989), (2) because defendant did not challenge the accuracy of the description, and (3) because the pretrial identification was not so suggestive and conducive to a mistaken identification that defendant was denied the due process of law, *In re Richard L.*, 479 A.2d 103, 105 (R.I. 1984), the in-court identifications of defendant were admissible.

■ The defendant next appealed the denial of his motion to disclose the identity of a confidential informant who allegedly drove with defendant to the site where the purchase was made but who left the car during the transaction between defendant and the police officer. Though defendant argued that the officer was mistaken about defen-

dant's identity, and thus the informant's testimony was required to prove that the officer was at the location with defendant, defendant could have instead questioned a second police officer who accompanied the officer making the marijuana purchase. Thus, the alleged informant's identity was not required.

■ Third, defendant contended that it was error for the trial justice to permit the prosecutor to cross-examine his alibi witness on whether her testimony was recently fabricated because the witness testified that she did not make the information available to the police when she learned of defendant's arrest. This court has recognized that questions on cross-examination are permissible to contradict or discredit a witness or to test the witness's memory or credibility, *State v. Crowhurst*, 470 A.2d 1138, 1143 (R.I.1984), and thus, the questions were permissible.

We have reviewed the defendant's final issue in which he objects to the officer's testimony that he was to meet someone named John Gizzarelli, and we find the objection to be without merit. We are of the opinion that the prosecutor's question on redirect examination was within the scope of the officer's testimony on cross-examination. *See* Rule 611 of the Rhode Island Rules of Evidence.

Consequently, we deny and dismiss the appeal and affirm the judgment of conviction. The papers in the case may be remanded to the Superior Court.